IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00720-BNB

MADINA BUHENDWA,

    Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, University Based Pass/CU Student Buss
    Pass,
BENJAMIN NORMAN,

    Defendants.

---

ORDER TO FILE AMENDED COMPLAINT

---

    Plaintiff, Madina Buhendwa, resides in Boulder, Colorado. He has filed *pro se* a Complaint for damages pursuant to 42 U.S.C. § 1983; 42 U.S.C. § 1981; and Title VI of the Civil Rights Act, 42 U.S.C. § 2000d. He also asserts pendent state law claims. Mr. Buhendwa has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.

    The Court must construe liberally the Complaint because Mr. Buhendwa is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Buhendwa will be directed to file an amended complaint.

    The Court has reviewed the Complaint and finds that it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the

claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Prolix, vague, or unintelligible pleadings violate Rule 8.

The Complaint fails to provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Plaintiff must allege the specific acts of each Defendant that allegedly violated his rights. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* In order for Mr. Buhendwa to state a claim in federal court, his "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Buhendwa must present his claim or claims in a manageable and readable format that allows the Court and the defendants to know what claims are being asserted

2

and to be able to respond to those claims.  The general rule that *pro se* pleadings must be construed liberally has limits, and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

In the amended complaint he will be directed to file, Mr. Buhendwa also must assert personal participation by each named defendant in the alleged constitutional or statutory deprivation.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  Supervisors can only be held liable for their own misconduct.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  A supervisor cannot incur liability under § 1983 for his mere knowledge of a subordinate's wrongdoing.  *Id.*; *see also Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008) *(*"[Section] 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation.").

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969).  A two-year limitations period applies to each of his federal claims. *See Scheerer v. Rose State Coll.,* 950 F.2d 661, 664 (10th Cir.1991) (recognizing that the forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983, and citing *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660-62

(1987) (§ 1981) and *Wilson v. Garcia,* 471 U.S. 261, 276-80 (1985) (§ 1983); *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 631 (10th Cir. 1993) (Title VI claims); *see also Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued."); COLO.REV.STAT. § 13-80-102(l)(a), (g) (2013).

The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8.  Mr. Buhendwa will be given an opportunity to cure the deficiencies in his complaint by submitting an amended complaint that states his claims clearly and concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted violations of his rights. Accordingly, it is

ORDERED that Plaintiff, Madina Buhendwa, **within thirty (30) days from the date of this order**, file an amended complaint on the court-approved Complaint form that complies with this order.  It is

FURTHER ORDERED that Mr. Buhendwa shall obtain a copy of the court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Buhendwa fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED March 13, 2014, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge