IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00720-BNB

MADINA BUHENDWA,

      Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, University Based Pass/CU Student Buss
      Pass,
(15) BOARD OF DIRECTORS, in their official capacities,
JAMES A. STADLER, in his official capacity,
STEPHEN P. SCHMITZ, in his official capacity,
UNKNOWN DRIVER, in his official capacity,
BENJAMIN NORMAN, in his official capacity,
BILL JAMES,
BARBARA DEADWLER,
ANGIE RIVERA MALPIEDE,
JEFF WALKER,
CLAUDIA FOLSKA,
TOM TOBIASSEN,
GARY LASATER,
KENT BAGLEY,
JUDY LUBOW,
LARRY HOY,
PAUL DANIEL SOLANO,
LORAINE ANDERSON,
NATALIE MENTEN,
BRUCE DALY, and
CHARLES L. SISK,

      Defendants.

---

## ORDER TO DISMISS IN PART AND TO ASSIGN CASE

---

      Plaintiff, Madina Buhendwa, resides in Boulder, Colorado.  She initiated this

action by filing *pro se* a Complaint for damages pursuant to 42 U.S.C. § 1983, 42 U.S.C.

§ 1981, and Title VI of the Civil Rights Act, 42 U.S.C. § 2000d.

      On March 13, 2014, Magistrate Judge Boyd N. Boland reviewed the Complaint

and determined that it was deficient because it failed to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure and failed to allege the personal participation of each Defendant in an arguable deprivation of Plaintiff's constitutional or statutory rights.  Magistrate Judge Boland directed Plaintiff to file an amended complaint within thirty days of the March 13, 2014 Order.  Ms. Buhendwa filed an Amended Complaint on April 14, 2014, naming several new Defendants. (ECF No. 9).

Ms. Buhendwa has been granted leave to proceed pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee.  Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe liberally the Amended Complaint because Ms. Buhendwa is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, this action will be dismissed, in part.

Ms. Buhendwa is African American, was born in Zaire,[1] and is a student at the University of Colorado, Boulder ("C.U.").  Plaintiff alleges that since 1991, Defendant Regional Transportation District (RTD) has contracted with C.U. to provide bus passes to C.U. students at a substantially reduced fare.  Although her allegations are somewhat

---

[1]Between 1971 and 1997, the Democratic Republic of Congo was known as the nation of Zaire.

difficult to ascertain, Plaintiff apparently contends that RTD has revoked or denied her student bus pass for racially-motivated reasons, thereby interfering with her right to benefits under the RTD-C.U. contract.

Ms. Buhendwa also alleges in the Amended Complaint that Defendant Stadler, an attorney for RTD, and Defendant Schmitz, a physician, lied to the state court in a previous legal proceeding involving the Plaintiff and RTD.  In addition, Ms. Buhendwa complains about an incident that occurred on July 1, 2010, when she fell on the bus because of the driver's alleged negligence.  Plaintiff filed a lawsuit in federal district court asserting various constitutional and federal statutory claims based on RTD's failure to pay for her medical care necessitated by injuries she suffered as a result of the July 1, 2010 accident– *Buhendwa v. Regional Transportation District*, Civil Action No. 12-cv-01711-PAB-CBS.[2]  Plaintiff also alleges that Defendant Unknown Driver lied about the July 1, 2010 accident at the time it occurred and that Benjamin Norman, an RTD supervisor, lied and used racially derogatory language in a May 2012 written report "regarding the accident."[3]

The Court discerns from the Amended Complaint that Plaintiff is asserting the following claims for relief against Defendants: racially-motivated interference with Plaintiff's third-party beneficiary right to a reduced fare bus pass under the contractual

---

[2]The Court may take judicial notice of other cases filed in this Court.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.,* 605 F.2d 1169, 1172 (10th Cir.1979) (court may take judicial notice of filings in related cases).

[3]It is unclear whether Plaintiff's allegations regarding Defendant Norman pertain to the July 1, 2010 accident or a different incident that occurred on May 25, 2012.  In Case No. 12-cv-01711-PAB-CBS, Plaintiff alleged that on May 25, 2012, Benjamin Norman operated an RTD bus while Plaintiff was in the "prohibited area," in violation of federal regulations.  (ECF No. 12, at 5, ¶ 30).  As a result of Mr. Norman's actions, Plaintiff alleges that she suffered from various injuries including, but not limited to, head trauma. (*Id.*)

relationship between RTD and C.U., on the basis of Plaintiff's race, in violation of 42

U.S.C. § 1981; discrimination on the basis of race, in violation of the Fourteenth

Amendment Equal Protection Clause, and a violation of Plaintiff's due process rights,

under 42 U.S.C. § 1983; race discrimination in violation of Title VI of the 1963 Civil

Rights Act, 42 U.S.C. § 2000d; and, a state law claim for tortious interference with

contract.

## A.  Official Capacity Claims

Ms. Buhendwa asserts constitutional and federal statutory claims against

Defendants Stadler, Schmitz, the Unknown Bus Driver, Benjamin Norman, and the 15

individual members of the RTD Board of Directors[4] in their official capacities.  To the

extent these Defendants are employees or agents of RTD, the federal claims are

construed as claims asserted against RTD.  *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The Amended Complaint can be construed liberally to also assert claims against

Defendants Stadler, Schmitz, the Unknown Bus Driver, Benjamin Norman, and the 15

individual members of the RTD Board of Directors in their individual capacities.  The

personal capacity claims are without merit, for the reasons discussed, *infra*.

## B.  Claims under 42 U.S.C. § 1983

The Court first addresses Ms. Buhendwa's contention that Defendants Stadler

and Schmitz violated her Fourteenth Amendment due process and equal protection

---

[4]Plaintiff sues Bill James, Barbara Deadwler, Angie Rivera Malpiede, Jeff Walker, Claudia Folska, Tom Tobiassen, Gary Lasater, Kent Bagley, Judy Lubow, Larry Hoy, Paul Daniel Solano, Loraine Anderson, Natalie Menten, Bruce Daly, and Charles A. Sisk in the caption of the Amended Complaint. According to the official RTD website, these individuals are members of the RTD Board of Directors.  *See* www.RTD-Denver.com/BoardDirectors.  The Court may take judicial notice of the contents of an agency's website.  *See e.g., Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir.2005) (taking judicial notice of Texas agency's website).

rights when they allegedly lied and made derogatory comments about Plaintiff to the state court in conjunction with an unspecified state court case she filed.  The same claims and factual allegations were addressed by District Judge Brimmer in an order dismissing Case No. 12-cv-01711-PAB-CBS (ECF No. 18; Order dated 3/22/13, at 4-7), and will not be revisited here. *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (A duplicative suit may be dismissed for reasons of "wise judicial administration.") (quoting *Ridge Gold Standard Liquors v. Joseph E. Seagram*, 572 F. Supp. 1210, 1213 (N.D. Ill. 1983), and citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)); *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) (district court may dismiss a suit that is duplicative of another federal court suit); *accord Williams v. Madden*, Case No. 00-1130, 2001 WL 661086 at *1 and n.1 (10th Cir. June 13, 2001) (stating that the court has the authority to dismiss "repetitious litigation reasserting virtually identical causes of action").

With regard to Defendant Norman, an RTD supervisor, and the Unknown Driver (who apparently was driving the RTD bus on July 1, 2010, when Plaintiff was injured), Ms. Buhendwa does not allege any specific facts to show that those individuals are state actors or that they otherwise deprived Plaintiff of a constitutional right.  To state a claim under 42 U.S.C. § 1983, plaintiff must allege that she was deprived of a right "secured by the Constitution or laws" of the United States and that this deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999).  Ms. Buhendwa was warned by Magistrate Judge Boland in the March 13 Order that liability under § 1983 must be premised on specific factual allegations showing that the Defendant was personally involved in a violation of the Plaintiff's

constitutional rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976);

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link

between the alleged constitutional violation and each defendant's participation, control

or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055

(10th Cir. 1993).  Supervisors can only be held liable for their own misconduct.  *See*

*Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Plaintiff's conclusory allegations that

Benjamin Norman and the Unknown Driver lied in various reports about one or more

bus accidents do not comply with the requirements of Fed. R. Civ. P. 8 and fail to state

an arguable constitutional claim against the Defendants, so as to render them liable

under § 1983 in their personal capacities.

Finally, Ms. Buhendwa does not allege any specific facts to show that the

individual RTD Board members, in their personal capacities, violated her due process or

equal protection rights.  The text of the Amended Complaint is devoid of any factual

allegations against the 15 members of the RTD Board of Directors, acting in their

individual capacities.

In sum, the Court finds that Plaintiff fails to state an arguable claim under § 1983

against any of the individual Defendants in their personal capacities.

## C.  Claims under 42 U.S.C. § 1981

Next, the Court finds that Plaintiff cannot maintain a claim against Defendants

Stadler, Schmitz, Norman, and the Unknown Bus Driver under 42 U.S.C. § 1981.  To

establish a prima facie case of discrimination under § 1981 in a non-employment

context, Ms. Buhendwa must show (1) that she was a member of a protected class; (2)

that defendant had the intent to discriminate on the basis of her race; and (3) that the

6

discrimination interfered with a protected activity as defined in § 1981. *Hampton v. Dillard Dep't Stores, Inc.*, 247 F.3d 1091, 1102 (10th Cir. 2001).  Section 1981 protects individuals from discrimination during "all phases and incidents of the contractual relationship," including the making of a contract, termination, and the enjoyment of all benefits, privileges, and conditions of the contractual relationship.  *Barfield v. Commerce Bank, N.A.*, 484 F.3d 1276, 1278-1280 (10th Cir. 2007) (explaining that Congress included Subsection as part of 1991 Amendments to § 1981 to ensure that the phrase to "make and enforce" contracts would provide broad contractual protection).

Ms. Buhendwa alleges that Defendants Norman and the Unknown Driver lied about what occurred at the time of the July 1, 2010 bus accident (and, possibly, a bus accident that occurred in May 2012), and suggests that Defendant Norman used racially offensive language in a May 2012 written report.  However, Ms. Buhendwa does not allege any specific facts to show that Defendants Stadler, Schmitz, Norman, the Unknown Driver, or the individual RTD Board members personally interfered with her ability to utilize a student bus pass that she was otherwise entitled to pursuant to the contract between RTD and C.U.  And, as discussed previously, the text of the Amended Complaint does not contain any factual allegations that would render the 15 members of the RTD Board of Directors liable in their personal capacities for a deprivation of Plaintiff's rights under § 1981.

Accordingly, the Court finds that Ms. Buhendwa has failed to state an arguable claim for relief under § 1981 against any of the individual Defendants acting in their personal capacities.

7

**D.  Claim Under Title VI of the Civil Rights Act**

Ms. Buhendwa may not pursue a claim against Defendants Stadler, Schmitz, Norman, the Unknown Driver, or the individual RTD Board members under Title VI of the Civil Rights Act.  Title VI prohibits discrimination on the basis of race or national origin under any program or activity receiving federal financial assistance. *See* 42 U.S.C. § 2000d.  The Amended Complaint is devoid of any allegations that the individual defendants are beneficiaries of federal financial assistance.  As such, the alleged conduct by Defendants Stadler, Schmitz, Norman, the Unknown Driver, and the 15 members of the RTD Board of Directors is not within the purview of Title VI.

**E.  Statute of Limitations**

The face of the Amended Complaint demonstrates that Defendants Stadler, Schmitz, and the Unknown Driver are time-barred.  A two-year statute of limitations governs Plaintiff's claims under 42 U.S.C. § 1983, § 1981, and 42 U.S.C. § 2000d.  *See Scheerer v. Rose State Coll.,* 950 F.2d 661, 664 (10th Cir.1991) (recognizing that the forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983, and citing *Goodman v. Lukens Steel Co.,* 482 U.S. 656, 660-62 (1987) (§ 1981) and *Wilson v. Garcia,* 471 U.S. 261, 276-80 (1985)(§ 1983)); *Baker v. Board of Regents of State of Kan.*, 991 F.2d 628, 631 (10th Cir. 1993) (Title VI claims); *see also Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("[T]he statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued."); COLO.REV.STAT. § 13-80-102(l)(a), (g) (2013)).

Although a statute of limitations bar is an affirmative defense, it may be addressed by the Court *sua sponte* "when the defense is obvious from the face of the

complaint and no further factual record is required to be developed." *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir.1995) (brackets and internal quotation marks omitted); *see also Dummar v. Lummis,* 543 F.3d 614, 619 (10th Cir.2008).  Plaintiff's allegations against Defendant Unknown Driver arise out of the July 2010 accident, which occurred more than two years prior to the date Plaintiff initiated this action.  Plaintiff was aware of a cause of action in 2010 because she sued RTD in Case No. 12-cv-01711-PAB-CBS, asserting that RTD failed to pay for medical treatment for the injuries she received during a July 2010 accident on an RTD bus. Plaintiff's claims against Defendants Stadler and Schmitz also accrued more than two years before this action was filed.  The district judge noted an apparent statute of limitations bar in the earlier case, but did not dismiss on that ground.  (*See* No. 12-cv-01711-PAB-CBS, ECF No. 18, at 2 n.3).  In short, Plaintiff's allegations against Defendants Stadler, Schmitz and the Unknown Driver are also subject to dismissal as time-barred.

**F.  Orders**

The Court will not review at this time Plaintiff's statutory and constitutional claims that RTD restricted Plaintiff's access to its public transportation services on the basis of her race.  Instead, the race discrimination claims against RTD and the 15 RTD Board of Directors, in their official capacities, under 42 U.S.C. § 1981 and §1983, and under Title VI of the Civil Rights Act, shall be assigned to District Judge Philip A. Brimmer and to Magistrate Judge Craig B. Shaffer, pursuant to D.C.Colo.LCivR 40.1A. Accordingly, it is

ORDERED that Defendants James A. Stadler, Stephen P. Schmitz, the Unknown Driver, and Benjamin Norman are DISMISSED from this action for the reasons discussed above.  It is

FURTHER ORDERED that any individual capacity claims asserted against the members of the RTD Board of Directors–Defendants Bill James, Barbara Deadwler, Angie Rivera Malpiede, Jeff Walker, Claudia Folska, Tom Tobiassen, Gary Lasater, Kent Bagley, Judy Lubow, Larry Hoy, Paul Daniel Solano, Loraine Anderson, Natalie Menten, Bruce Daly, and Charles A. Sisk–are DISMISSED.  It is

FURTHER ORDERED that the federal statutory and constitutional claims asserted against Defendant RTD and the "(15) [RTD] Board of Directors" (including the official capacity claims asserted against Defendants Bill James, Barbara Deadwler, Angie Rivera Malpiede, Jeff Walker, Claudia Folska, Tom Tobiassen, Gary Lasater, Kent Bagley, Judy Lubow, Larry Hoy, Paul Daniel Solano, Loraine Anderson, Natalie Menten, Bruce Daly, and Charles A. Sisk), as well as the state law claim of tortious interference with contract, shall be assigned to District Judge Philip A. Brimmer and to Magistrate Judge Craig B. Shaffer, pursuant to D.C.Colo.LCivR 40.1(c).  *See* D.C.Colo.LCivR 8.1(c).

Dated April 30, 2014 at Denver, Colorado.

BY THE COURT:


 s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court