IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00720-PAB-CBS

MADINA BUHENDWA,

        Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, University Based Pass/CU Student Buss Pass,
(15) BOARD OF DIRECTORS, in their official capacities,
BILL JAMES,
BARBARA DEADWLER,
ANGIE RIVERA MALPIEDE,
JEFF WALKER,
CLAUDIA FOLSKA,
TOM TOBIASSEN,
GARY LASATER,
KENT BAGLEY,
JUDY LUBOW,
LARRY HOY,
PAUL DANIEL SOLANO,
LORAINE ANDERSON,
NATALIE MENTEN,
BRUCE DALY, and
CHARLES L. SISK,

        Defendants.

---

## RECOMMENDATION REGARDING DEFENDANTS' MOTIONS TO DISMISS

---

Magistrate Judge Shaffer

       This matter comes before the court on Defendant Regional Transportation District's ("RTD") Motion to Dismiss (Doc. #10), filed on April 25, 2014.  Also before the court is Defendants Charles L. Sisk, Bruce Daly, Natalie Menten, Lorraine Anderson, Paul Daniel Solano, Judy Lubow, Larry Hoy, Kent Bagley, Gary Lasater, Tom Tobiassen, Claudia Folska, Jeff Walker, Angie Rivera Malpiede, Barbara Deadwyler, Bill James, and the (15) RTD Board of

Directors' ("Board of Directors") Motion to Dismiss (Doc. #31), filed on May 16, 2014.[1]   These

Motions were referred to the Magistrate Judge pursuant to the Order of Reference dated May 8,

2014 (Doc. #13) and memoranda dated May 8, 2014 (Doc. #14) and May 16, 2014 (Doc. #32).

The court has carefully considered the motions and related briefing, the entire case file, and the

applicable case law.   For the following reasons, I recommend that Defendants' Motions to

Dismiss be granted.

## PROCEDURAL HISTORY

*Pro se* Plaintiff Madina Buhendwa seeks damages pursuant to 42 U.S.C. § 1983, 42

U.S.C. § 1981, and Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d on

the basis that Defendant RTD restricted her access to its public transportation services because of

her race.   Plaintiff also claims that RTD is liable for tortious interference with a contract.

Plaintiff is African American and a student at the University of Colorado, Boulder ("C.U.").

Ms. Buhendwa filed her Complaint on March 10, 2014, naming RTD and Benjamin

Norman as Defendants.  (Doc. #1).   Plaintiff simultaneously filed a motion for leave to proceed

*in forma pauperis* pursuant to 28 U.S.C. § 1915 (Doc. #3), which Magistrate Judge Boland

granted on March 12, 2014.  (Doc. #5).   The following day, Judge Boland ordered Plaintiff to file

an amended complaint that comported with Rule 8 of the Federal Rules of Civil Procedure and

alleged the personal participation of each Defendant in an arguable deprivation of Plaintiff's

constitutional or statutory rights.  (Doc. #6).

Plaintiff filed her Amended Complaint on April 14, 2014, adding as Defendants (15)

Board of Directors, in their official capacity, James A. Stadler, Stephen P. Schmitz, Unknown

Driver, Charles L. Sisk, Bruce Daly, Natalie Menten, Lorraine Anderson, Paul Daniel Solano,

Judy Lubow, Larry Hoy, Kent Bagley, Gary Lasater, Tom Tobiassen, Claudia Folska, Jeff

---

[1] The names of Defendants Lorraine Anderson and Barbara Deadwyler were misspelled in the caption.

Walker, Angie Rivera Malpiede, Barbara Deadwyler, Bill James.[2]  (Doc. #9).  She asserted the following claims for relief: (1) violation of her Fourteenth Amendment right to equal protection and due process pursuant to 42 U.S.C. § 1983; (2) interference with her contractual rights in violation of 42 U.S.C. § 1981; (3) racial discrimination in violation of Title VI; and, (4) tortious interference with her contractual rights.  Although Plaintiff's allegations are generally difficult to apprehend, she appears to contend that RTD interfered with her ability to use and enjoy a student bus pass and discriminated against her on the basis of race.  Plaintiff alleges that RTD has contracted with C.U. since 1991 to provide bus passes to C.U. students at a reduced fare, that as a student she has used the reduced-fare bus pass, and that she has been injured on three separate occasions between 2007 and 2012 by the negligent operation of an RTD bus.  She further alleges that RTD admitted to negligence; RTD failed to provide medical treatment for her injuries though it compensated other white individuals who were injured by the negligent operation of an RTD bus; Mr. Stadler as attorney for RTD lied in a state court proceeding regarding Plaintiff's injuries; and Dr. Schmitz, a physician hired by RTD to evaluate Plaintiff, lied regarding Plaintiff's examination.[3]

Defendant RTD was served on March 14, 2014 (Doc. #7), and filed its Motion to Dismiss on April 25, 2014.  (Doc. #10).  The remaining Defendants were served on May 7, 2014 (Doc. #16-#30), and subsequently filed a Motion to Dismiss in which they requested to join in RTD's Motion to Dismiss.  (Doc. #31).  Plaintiff filed a Response to RTD's Motion to Dismiss on June

---

[2] According to the official RTD website, Charles L. Sisk, Bruce Daly, Natalie Menten, Loraine Anderson, Paul Daniel Solano, Judy Lubow, Larry Hoy, Kent Bagley, Gary Lasater, Tom Tobiassen, Claudia Folska, Jeff Walker, Angie Rivera Malpiede, Barbara Deadwyler, Bill James are or were members of the RTD Board of Directors.  *See* http://www.rtd-denver.com/BoardDirectors.shtml.  *See also* Doc. #11.  The court may take judicial notice of the contents of an agency's website.  *See e.g.*, *Coleman v. Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (taking judicial notice of Texas agency's website).

[3] Plaintiff sued RTD in state court in 2009.  *See Buhendwa v. Regional Transportation District, et. al.*, No. 09CV3498 (Denver Dist. Ct. June 30, 2010), *aff'd*, No. 10CA1659, 2011 WL 2715155 (Colo. App. July 14, 2011), *cert. denied*, No. 2011SC532, 2012 WL 375539 (Colo. Feb. 6, 2012).

6, 2014 (Doc. #35), and filed a Response to the remaining Defendants' Motion to Dismiss on

June 16, 2014.[4]  (Doc. #37).  Defendants did not file a Reply in support of their Motion.

On April 30, 2014, District Judge Babcock issued an Order dismissing Stadler, Schmitz,

the Unknown Bus Driver, Benjamin Norman, and the fifteen members of the Board of Directors

in their individual capacities.  (Doc. #11).  As to Plaintiff's § 1983 claim, Judge Babcock noted

that the same claim and factual allegations regarding Mr. Stadler and Dr. Schmitz had been

previously addressed by District Judge Brimmer in an order dismissing *Buhendwa v. Regional*

*Transportation District*, Case No. 12-cv-01711-PAB-CBS.  (ECF No. 18; Order dated 3/22/13,

at pp. 4-7) ("*Buhendwa I*"); Plaintiff had not alleged that Mr. Norman or the Unknown Driver

were state actors or had otherwise deprived her of a constitutional right; and Plaintiff had not

alleged "specific facts to show that the individual RTD Board members, in their personal

capacities, violated her due process or equal protection rights."  (*Id.* at pp. 4-6).  Regarding

Plaintiff's § 1981 claim, Judge Babcock found that Plaintiff failed to establish a prima facie case

of discrimination in a non-employment context as to Stadler, Schmitz, Norman, the Unknown

Bus Driver, and the fifteen members of the Board of Directors in their individual capacities.  (*Id.*

at pp. 6-7).  Judge Babcock observed that Plaintiff could not proceed with her Title VI claim as

to Stadler, Schmitz, Norman, the Unknown Bus Driver, or the fifteen members of the Board of

Directors in their individual capacities for failure to allege that they are beneficiaries of federal

financial assistance.  Finally, Judge Babcock found that Plaintiff's claims under 42 U.S.C. §

1983, § 1981, and Title VI were time-barred pursuant to the two-year statute of limitations as to

Stadler, Schmitz, and the Unknown Bus Driver.   Accordingly, Plaintiff's statutory race

discrimination claims and state law claim for tortious interference with a contract as to

---

[4] Hereafter, I will refer to the Motions to Dismiss as one pending Motion.

Defendants RTD, the Board of Directors, and its members in their official capacities were allowed to proceed.

**PREVIOUS FEDERAL LAWSUIT**

In July 2012, Plaintiff filed a *pro se* lawsuit against RTD in this court seeking damages for (1) violation of her Fourteenth Amendment right to equal protection and due process pursuant to 42 U.S.C. § 1983; (2) interference with her contractual rights in violation of 42 U.S.C. § 1981; (3) racial discrimination in violation of Title VI; and (4) tortious interference with her contractual rights. *See Buhendwa I* (ECF No. 12).[5]   The court had similar difficulty in deciphering Plaintiff's allegations, but proceeded with the following facts taken as true: Mr. Norman negligently operated an RTD bus in 2012 causing Plaintiff to fall on the bus and injure herself; RTD admitted to the negligence of an employee but refused to pay for medical treatment for Plaintiff despite compensating white individuals injured as a result of negligent driving by RTD employees; RTD interfered with Plaintiff's ability to use a bus pass when it failed to pay for her medical expenses, and thus interfered with her ability to contract for future employment because she cannot complete her college degree; and Mr. Stadler and Dr. Schmitz lied to a state court judge during the prosecution of Plaintiff's state lawsuit. *Id.*  RTD filed a Motion to Dismiss for failure to state a claim, which the court granted on March 22, 2013. (*Id.* at ECF No. 13 and No. 18).

The court dismissed Plaintiff's Fourteenth Amendment claim on the basis that she had not alleged facts sufficient to qualify Mr. Stadler as a state actor or establish that Dr. Schmitz had acted under color of law. (*Id.* at ECF No. 18).  With respect to the § 1981 claim, the court explained that the allegations that RTD acted negligently and breached its duty of care were not

---

[5] The court may take judicial notice of other cases filed in this court. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (court may take judicial notice of filings in related cases).

5

actionable under § 1981; the allegedly negligent operation of a public bus does not establish intentional discrimination; and § 1981 does not protect a plaintiff's ability to enter into future contracts. *Id.* In dismissing Plaintiff's Title VI claim, the court determined that Plaintiff was not similarly situated to the individuals who had allegedly received compensation for medical treatment from RTD, and thus could not allege a prima facie case of disparate treatment. The court also noted that none of the documents attached to Plaintiff's Complaint established that RTD voluntarily paid for the medical treatment of the other individuals. Finally, the court declined to exercise supplemental jurisdiction over Plaintiff's state law claim for tortious interference with a contract.

Plaintiff appealed the district court's decision. On January 7, 2014, the Tenth Circuit affirmed the district court's ruling. *Buhendwa v. Regional Transportation District, Bo.* No. 13-1220, 553 Fed. Appx. 768 (10th Cir. Jan. 7, 2014).

## STANDARD OF REVIEW

### A.   Fed. R. Civ. P. 12(b)(1)

Federal courts, as courts of limited jurisdiction, must have a statutory basis for their jurisdiction. *See Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). Pursuant to Federal Rule of Civil Procedure 12(b)(1), the court may dismiss a complaint for lack of subject matter jurisdiction. The determination of a court's jurisdiction over subject matter is a question of law. *Madsen v. United States ex. U.S. Army, Corps of Engineers*, 841 F.2d 1011, 1012 (10th Cir. 1987). "A court lacking jurisdiction cannot render judgment but must dismiss the cause *at any stage* of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.,* 495 F.2d 906, 909 (10th Cir. 1974).

**B.      Fed. R. Civ. P. 12(b)(6)**

Under 12(b)(6) a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In deciding a motion under Rule 12(b)(6), the court must "accept as true all well-pleaded factual allegations … and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).  However, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  As the Tenth Circuit explained in *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007), "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  "The burden is on the plaintiff to frame 'a complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp.*, 550 U.S. at 556).  The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Because Ms. Buhendwa is appearing *pro se*, the court "review[s] [her] pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by

attorneys." *Trackwell v. United States Govt*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations

omitted).   However, a court may not assume that a plaintiff can prove facts that she has not

alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged.   *See*

*Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) (court's role is not to act as the *pro*

*se* litigant's advocate); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the

court may not "construct arguments or theories for the plaintiff in the absence of any discussion

of those issues").   Furthermore, the court may, at any time and of its own accord, dismiss any

action that is frivolous or which fails to state a claim upon which relief may be granted.   28

U.S.C. § 1915(e)(2)(B)(i)-(ii); Fed. R. Civ. P. 12(b)(6); *Hall v. Bellmon*, 935 F.2d 1106, 1108-10

(10th Cir. 1991).

## ANALYSIS

### A.      Federal Rule of Civil Procedure 8(a)

Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the

grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that

the pleader is entitled to relief; and (3) a demand for the relief sought."   The dual purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against them so

that they may respond, and to allow the court to conclude that the allegations, if proven, show

that the plaintiff is entitled to relief.   *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).   The tenet of Rule

8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple,

concise, and direct."   Prolix, vague, or unintelligible pleadings violate Rule 8.

The Amended Complaint primarily concerns events that happened between 2009 and

2011, and which have been litigated in federal and state court proceedings.   In addition,

Plaintiff's allegations are directed almost exclusively at Dr. Schmitz and Mr. Stadler, both of whom were dismissed from this lawsuit.  (*See* Doc. #11).  Although Plaintiff styles her causes of action as to RTD and the Board of Directors, she does not at any time assert allegations that implicate RTD, the Board, or its members.  To state a viable claim in this court, Plaintiff "must explain what each defendant did to [her]…; when the defendant did it; how the defendant's action harmed [her]…; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff's Amended Complaint falls grossly short of satisfying this standard, and has thus failed to give Defendants fair notice of the basis for the claims raised against them.  While Ms. Buhendwa is entitled to a less stringent review of her pleadings, "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Plaintiff did not comply with the March 13, 2014 Order directing her to file an Amended Complaint that comports with Rule 8(a) (Doc. #6), and on this basis alone Defendants' Motion to Dismiss should be granted.

**B.      Res Judicata and Collateral Estoppel**

Defendants argue that the doctrine of res judicata applies because "many of [Plaintiff's] current claims" are supported by allegations identical to those raised in *Buhendwa I*.

Res judicata, or claim preclusion "precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) (internal quotation marks and citation omitted) (emphasis added by cited authority). The application of res judicata requires "(1) a [final] judgment on the merits in an earlier action;

9

(2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id.* (quoting *King v. Union Oil Co.*, 117 F.3d 443, 444-45 (10th Cir. 1997)).

The Tenth Circuit follows the transaction approach of Restatement (Second) of Judgments to determine what constitutes a "cause of action" for claim preclusion purposes. *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988). The transaction approach provides that a final judgment extinguishes:

> all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.... What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, [and] whether they form a convenient trial unit.

*Id.* (quoting Restatement (Second) of Judgments § 24). "Under [the transactional] approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. All claims arising out of the transaction must therefore be presented in one suit or be barred from subsequent litigation." *Wilkes*, 314 F.3d at 505 (quoting *Nwosun v. General Mills Rest., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)).

A final judgment was reached in *Buhendwa I*, which was affirmed on appeal. *See Buhendwa*, 553 Fed. Appx. at 768. *See also Stan Lee Media, Inc. v. Walt Disney Co.*, ---F.3d ---- 2014 WL 7271442, at *6 (10th Cir. December 23, 2014) ("[d]ismissals for failure to state a claim are presumptively with prejudice because they fully dispose of the case") (citing Fed. R. Civ. P. 41(b)). The claims presented in this lawsuit are identical to the claims Plaintiff raised in *Buhendwa I*: violation of her Fourteenth Amendment right to equal protection and due process pursuant to 42 U.S.C. § 1983; interference with her contractual rights in violation of 42 U.S.C. § 1981; racial discrimination in violation of Title VI; and tortious interference with her contractual rights. Finally, Ms. Buhendwa and RTD were parties to *Buhendwa I*.

The remaining question then is whether RTD and the members of its Board of Directors in their official capacity are in privity; I find that they are.[6]  RTD is a political subdivision of the state of Colorado and is considered a local governmental entity.  *See Elam Const., Inc. v. Regional Transp. Dist.*, 129 F.3d 1343, 1345 (10th Cir. 1997).[7]  The Board of Directors is the governing body of RTD, and is comprised of fifteen elected officials.  Colo. Rev. Stat. Ann. § 32-9-109.5(1).  For the purposes of determining privity, courts have long held that "parties nominally different may be, in legal effect, the same."  *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 402 (1940).  The Tenth Circuit has held that "'the general weight of authority' is that government employees are in privity with their employers in their official capacities."  *Gonzales v. Hernandez*, 175 F.3d 1202, 1206 (10th Cir. 1999).  Furthermore, a suit against a government official in his or her capacity is simply "another way of pleading an action against an entity of which an officer is an agent."  *McDonald v. Wise*, 769 F.3d 1202, 1215 (10th Cir. 2014) (quoting *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 n. 55 (1978)).  *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) (a suit against a state official in his or her official capacity is not a suit against the official, but rather a suit against the official's office); *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) ("[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official … The doctrine of res judicata bars a plaintiff from suing a succession of public officials on the same official-capacity claim.") (internal quotation marks and citation omitted).

---

[6] "Privity—for the purposes of applying the doctrine of res judicata—is a legal conclusion designating a person so identified in interest with a party to former litigation that he represents precisely the same right in respect of the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (quoting *Southwest Airlines Co. v. Texas International Airlines, Inc.,* 546 F.2d 84, 94 (5th Cir.), *cert. denied,* 434 U.S. 832 (1977) (internal quotation marks omitted).

[7] RTD is a "person" within the meaning of § 1983, and is thus amenable to suit under § 1983.  *See Elam Const.*, 129 F.3d at 1345.

In addition, other courts have found privity between board members and the organization the board directs. *See Adamcyk v. Margis*, 359 F. Supp. 423, 425 (D.C. Wis. 1973) (applying the doctrine of res judicata because the distinction between town, town board, and members of the board in their official capacities was not sufficient to justify new suit); *see also Licari v. City of Chicago*, 298 F.3d 664, 667 (7th Cir. 2002) (holding the addition of Board members as defendants in their individual and official capacities did not thwart the application of res judicata because a government and its officers are in privity for such purposes; and noting that a finding of privity is especially warranted where plaintiff did "not allege any action taken against him by the defendants … that is separate and distinct from any action taken by the Board.").

However, even if privity were found wanting between RTD and the Board of Directors, the doctrine of collateral estoppel serves here to preclude Plaintiff's federal law claims.  The party seeking to collaterally estop a claim must establish four separate elements:

> (1) the issue previously decided is *identical* with the one presented in the action in question, (2) the prior action has been *finally adjudicated on the merits,* (3) the party against whom the doctrine is invoked was a *party or in privity with a party* to the prior adjudication, and (4) the party against whom the doctrine is raised had a *full and fair opportunity to litigate* the issue in the prior action.

*Stan Lee Media*, 2014 WL 7271442, at *4 (citing *Murdock v. Ute Indian Tribe of Uintah & Ouray Reservation,* 975 F.2d 683, 687 (10th Cir. 1992)) (emphasis added by cited authority). The issue in this lawsuit, whether RTD interfered with Plaintiff's ability to use the reduced-fare bus pass and discriminated against her on the basis of race, is identical to the issue presented in *Buhendwa I*.[8]  *Buhendwa I* was litigated to a final judgment.  *See Hagans v. Lavine,* 415 U.S. 528, 542 (1974) ("[I]t is well settled that the failure to state a proper cause of action calls for a

---

[8] Indeed, Plaintiff states in her Amended Complaint:
> [I] filed suit for discrimination and injury…[I] asserted that there is a contract and that multiple injuries by RTD's negligence has interfered with [my] education and that some RTD Bus operator lies to get out liability [sic] and there are not the only one the lawyer do lies as well [sic].
(Doc. #9 at ¶ 77).

judgment on the merits.")  Ms. Buhendwa was a party to the prior action and does not argue that she was denied a full and fair opportunity to litigate the issue.[9]  *See Stan Lee Media*, 2014 WL 7271442, at *4 ("Our consideration of a party's prior 'full and fair opportunity to litigate an issue [o]ften ... will focus on whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties.'") (quoting *Murdock*, 975 F.2d at 689) (internal quotation marks omitted).

Plaintiff raised the issue in her initial Complaint and Amended Complaint in *Buhendwa I*, and filed a Response to Defendant's Motion to Dismiss.  (*See Buhendwa I*, ECF Nos. 1, 12, and 17).  Judge Brimmer found that Plaintiff failed to state a claim as to the § 1981, § 1983, and Title VI claims, and declined to exercise jurisdiction as to the state law claim for tortious interference with a contract.  Plaintiff raised the issue again on appeal before the Tenth Circuit, which affirmed the district court's finding that Plaintiff had not pled a plausible basis for relief on her equal-protection claim under § 1983, had not alleged interference with a contract that was actionable under § 1981, and had not alleged "enough factual matter to state a plausible claim of racial discrimination."  *Buhendwa*, 553 Fed. Appx. at 771.  "The requirement that the party against whom the prior judgment is asserted had a full and fair opportunity to be heard centers on the fundamental fairness of preventing the party from relitigating an issue [she] has lost in a prior proceeding."  *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990) (citing *Blonder–Tongue Laboratories, Inc. v. University of Illinois Foundation,* 402 U.S. 313, 334

---

[9] Plaintiff also states in her Amended Complaint:

> The Judge in [*Buhendwa I*] said that the statute of limitation appears to have expired, which in [my] opinion it prejudice the entire case [sic], because, it was incorrect, the Judge that the contract is only limited [sic], [I] said it was not because it paid through tuition and fee therefore is connected to student education and finance [sic].  Judge also indicated that RTD was not sector actor, IT is.  On May 17, 2013, [I] made an attempt for oral argument to explain how it works and submitted a 2-3 page explanation, it was denied.

(Doc. #9 at ¶¶ 78-80).

(1971) (court's decision on whether a party has had a full and fair opportunity to litigate "will necessarily rest on the trial court's sense of justice and equity")).  An adverse judgment does not reflect on a party's opportunity to litigate an issue.  *See Murdock*, 975 F.2d at 690.  Ms. Buhendwa in this lawsuit is essentially challenging a legal ruling in a prior action.  Accordingly, I find that Plaintiff's federal claims are barred by the doctrine of collateral estoppel, if not res judicata.

**C.      Tortious Interference With a Contract**

In light of the recommendation that Plaintiff's federal claims be dismissed, I further recommend that the court decline to exercise supplemental jurisdiction over the state law claim. *See* 28 U.S.C. § 1367(c)(3); *see also Bauchman v. West High School*, 132 F.3d 542, 549 (10th Cir. 1997) ("If federal claims are dismissed before trial, leaving only issues of state law, 'the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.'") (quoting *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988)).  *See also Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) ("'Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary'") (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)).

## CONCLUSION

For the foregoing reasons, this court RECOMMENDS that Defendant RTD's Motion to Dismiss (Doc. #10) and Defendant (15) Board of Directors' Motion to Dismiss (Doc. #31) be GRANTED.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 6th day of February, 2015.

BY THE COURT:

s/Craig B. Shaffer_____
United States Magistrate Judge