IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00720-PAB-CBS

MADINA BUHENDWA,

      Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, University Based Pass/CU Student Bus
Pass,
(15) BOARD OF DIRECTORS, in their official capacities,
BILL JAMES,
BARBARA DEADWLER
ANGIE RIVERA MALPIEDE,
JEFF WALKER,
CLAUDIA FOLSKA,
TOM TOBIASSEN,
GARY LASATER,
KENT BAGLEY,
JUDY LUBOW,
LARRY HOY,
PAUL DANIEL SOLANO,
LORAINE ANDERSON,
NATALIE MENTEN,
BRUCE DALY, and
CHARLES L. SISK,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on the Recommendation of United States

Magistrate Judge Craig B. Shaffer (the "Recommendation") filed on February 6, 2015

[Docket No. 41].  The magistrate judge recommends that the Court grant two motions to

dismiss, one filed by defendant Regional Transportation District ("RTD") [Docket No. 10]

and a second filed by defendants Charles L. Sisk, Bruce Daly, Natalie Menten, Loraine

Anderson, Paul Daniel Solano, Judy Lubow, Larry Hoy, Kent Bagley, Gary Lasater,

Tom Tobiassen, Claudia Folska, Jeff Walker, Angie Rivera Malpiede, Barbara

Deadwyler, Bill James, and the 15 RTD Board of Directors (collectively, the "board

members") [Docket No. 31].[1]  Plaintiff filed timely objections to the Recommendation on

February 20, 2015.  Docket No. 42.

The Court will "determine de novo any part of the magistrate judge's disposition

that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In the absence of a

proper objection, the Court may review a magistrate judge's recommendation under any

standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir.

1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that

Congress intended to require district court review of a magistrate's factual or legal

conclusions, under a de novo or any other standard, when neither party objects to those

findings").  An objection is proper if it is specific enough to enable the Court "to focus

attention on those issues–factual and legal–that are at the heart of the parties' dispute."

*United States v. 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996).  In light of

plaintiff's pro se status, the Court construes her filings liberally.  *See Haines v. Kerner*,

---

[1]The Court takes judicial notice of the fact that, at the time plaintiff filed her
complaint, defendants Bill James, Barbara Deadwyler, Angie Rivera Malpiede, Jeff
Walker, Claudia Folska, Tom Tobiassen, Gary Lasater, Kent Bagley, Judy Lubow, Larry
Hoy, Paul Daniel Solano, Loraine Anderson, Natalie Menten, Bruce Daly, and Charles
A. Sisk were members of the RTD Board of Directors.  *See* RTD Board of Directors
Meeting Minutes, February 18, 2014, *available at*
http://rtd.iqm2.com/citizens/FileOpen.aspx?Type=15&ID=1744&Inline=True.  The Court
may take judicial notice of the contents of an agency's website.  *See, e.g.*, *Coleman v.
Dretke*, 409 F.3d 665, 667 (5th Cir. 2005) (taking judicial notice of Texas agency's
website).

404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

## I.  ANALYSIS

Plaintiff brings claims of statutory race discrimination and tortious interference with contract on the basis that defendant RTD restricted her access to its public transportation services because of her race.[2]

Plaintiff brought a previous federal lawsuit against defendant RTD seeking damages for (1) violation of her Fourteenth Amendment right to equal protection and due process pursuant to 42 U.S.C. § 1983, (2) interference with her contractual rights in violation of 42 U.S.C. § 1981, (3) racial discrimination in violation of Title VI, and (4) tortious interference with contractual rights.  *See Buhendwa v. Regional Transp. Dist.*, Case No. 12-cv-01711-PAB-CBS ("*Buhendwa I*") (Docket No. 12).[3]  On March 22, 2013, the Court granted RTD's motion to dismiss.  *Id.* (Docket No. 18).  Plaintiff appealed.  The Tenth Circuit Court of Appeals affirmed the district court's dismissal of plaintiff's claims.  *Buhendwa v. Regional Transp. Dist.*, 553 F. App'x 768 (10th Cir. 2014).  Further relevant facts are set forth in detail in the Recommendation, *see* Docket No. 41 at 2-6, and will not be recited here.

---

[2]In an order dated April 30, 2014, Judge Lewis Babcock dismissed all of plaintiff's claims against the board members in their individual capacities and allowed plaintiff's statutory claims and her claim for tortious interference with contract against RTD and the board members to proceed.  Docket No. 11 at 10.  Judge Babcock also dismissed four parties – James A. Stadler, Stephen P. Schmitz, an Unknown Driver, and Benjamin Norman – who were originally named as defendants in this action.  Docket No. 11 at 9.

[3]The Court may take judicial notice of other cases filed in this court.  *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979).

**A.  Statutory Claims**

Plaintiff objects to the Recommendation's finding that her federal statutory claims are barred by the doctrine of *res judicata* because of the dismissal of plaintiff's previous federal lawsuit.  Docket No. 42 at 7.  "The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment."  *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005) (internal citations omitted).  Three elements are required to apply the doctrine of claim preclusion: (1) a final judgment on the merits in an earlier action, (2) identity or privity of the parties in the two suits, and (3) identity of the cause of action in both suits.  *Id.* (citing *Wilkes v. Wyo. Dep't of Emp't Div. of Labor Stds.*, 314 F.3d 501, 504 (10th Cir. 2003)).  "If these requirements are met, [claim preclusion] is appropriate unless the party seeking to avoid preclusion did not have a 'full and fair opportunity' to litigate the claim in the prior suit."  *Id.* (citing *Yapp v. Excel Corp.,* 186 F.3d 1222, 1226 n.4 (10th Cir. 1999)).

Plaintiff's lone objection to the Recommendation's finding on claim preclusion is that the defendant board members were not in privity with the RTD because the board members were not defendants in the earlier suit.  *See* Docket No. 42 at 6-7, ¶ 25. Plaintiff, however, does not dispute the Recommendation's finding that the claims in the instant case are identical to those she brought in *Buhendwa I*, that she had a full and fair opportunity to litigate her claims in the prior action, and that plaintiff and the RTD were parties to the earlier action.

4

"RTD is a political subdivision of the state of Colorado" and is considered a "local government unit." *Elam Constr., Inc. v. Regional Transp. Dist.*, 129 F.3d 1343, 1345-46 (10th Cir. 1997).  The board members are the RTD's governing body.  *See* Colo. Rev. Stat. § 32-9-109.5.  The Tenth Circuit has held that "[t]here is privity between officers of the same government so that a judgment in a suit between a party and a representative of the [government] is res judicata in relitigation of the same issue between that party and another officer of the government." *United States v. Rogers*, 960 F.2d 1501, 1509 (10th Cir. 1992); *see also Dean v. Mississippi Bd. of Bar Admissions*, 394 F. App'x 172, 177 (5th Cir. 2010) (finding claims precluded where, "[i]n [the first case], only the Board was a named defendant," while in the second case, "the Board's members are named individually as defendants" but "[plaintiff's] allegations only refer to actions taken by the individual defendants while functioning in their capacities as Board members"); *Simonsen v. Chicago Bd. of Educ.*, 115 F. App'x 887, 889-90 (7th Cir. 2004) ("the inclusion of individual board members as defendants in the federal suit does not prevent the application of claim preclusion because a government and its officers are in privity for purposes of res judicata") (quotation and citation omitted).

Because the board members are in privity with the RTD, plaintiff's claims against them in their official capacity are barred by the doctrine of *res judicata*.  Accordingly, the Court finds no error with this aspect of the recommendation.[4]

---

[4]Because the Court finds that plaintiff's statutory claims are barred by the doctrine of *res judicata*, and this finding disposes of those claims in their entirety, the Court does not address the Recommendation's other findings, that the complaint did not allege specific facts about what each of the individual board members did, and that plaintiff's claims are barred by the doctrine of collateral estoppel.

## B.  Supplemental Jurisdiction Over Plaintiff's State Law Claim

Plaintiff does not specifically object to the Recommendation that the Court decline to exercise jurisdiction over plaintiff's claim for tortious interference with contract.  *See* Docket No. 42.  In the Tenth Circuit, when "the district court has dismissed all claims over which it has original jurisdiction, 28 U.S.C. § 1367(c)(3), courts must dismiss pendent state law claims without prejudice "'absent compelling reasons to the contrary.'"  *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995) (reversing the district court's grant of summary judgment on state law claims); *Endris v. Sheridan Cnty. Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed"); *but see Henderson v. Nat'l R.R. Passenger Corp.*, 412 F. App'x 74, 79 (10th Cir. 2011) (finding no abuse of discretion in trial court's decision to retain jurisdiction over state law claims after plaintiff voluntarily dismissed claims arising under federal law).  Because the Court has independently determined that plaintiff's federal statutory claims are barred by the doctrine of *res judicata*, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claim, and dismisses this claim without prejudice.  *See* Colo. Rev. Stat. § 13-80-111 (permitting claims properly commenced within the statute of limitations to be re-filed if involuntarily dismissed because of lack of jurisdiction); *Dalal v. Alliant Techsystems, Inc.*, 934 P.2d 830, 834 (Colo. App. 1996) (interpreting 28

U.S.C. § 1367(d) as tolling the statute of limitations while claim is pending in federal court).

### C.  Plaintiff's Motion For Leave To File Interlocutory Appeal

On February 25, 2015, plaintiff filed an Amended Motion for Leave to File an Interlocutory Appeal of the Recommendation.  Docket No. 44.  As defendants point out, Docket No. 46 at 1, the Recommendation had not yet been adopted at the time plaintiff filed her motion.  Because the Recommendation was not an order, there is no basis to grant an interlocutory appeal.

## II.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 41] is **ACCEPTED**.  It is further

**ORDERED** that defendant Regional Transportation District's Motion to Dismiss [Docket No. 10] is **GRANTED**.  It is further

**ORDERED** that defendants Charles L. Sisk, Bruce Daly, Natalie Menten, Lorraine Anderson, Paul Daniel Solano, Judy Lubow, Larry Hoy, Kent Bagley, Gary Lasater, Tom Tobiassen, Claudia Folska, Jeff Walker, Angie Rivera Malpiede, Barbara Deadwyler, Bill James, and the (15) Board of Directors' Motion to Dismiss [Docket No. 31] is **GRANTED**.  It is further

**ORDERED** that plaintiff's first, second, and third claims for relief are dismissed with prejudice.  It is further

**ORDERED** that plaintiff's fourth claim for relief for tortious interference with contract is dismissed without prejudice.  It is further

**ORDERED** that plaintiff Madina Buhendwa's Amended Motion for Leave to File Interlocutory Appeal [Docket No. 44] is **DENIED**.  It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court.  It is further

**ORDERED** that this case is dismissed in its entirety.

DATED March 10, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge