IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00720-PAB-CBS

MADINA BUHENDWA,

    Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, University Based Pass/CU Student Bus Pass,
(15) BOARD OF DIRECTORS, in their official capacities,
BILL JAMES,
BARBARA DEADWLER,
ANGIE RIVERA MALPIEDE,
JEFF WALKER,
CLAUDIA FOLSKA,
TOM TOBIASSEN,
GARY LASATER,
KENT BAGLEY,
JUDY LUBOW,
LARRY HOY,
PAUL DANIEL SOLANO,
LORAINE ANDERSON,
NATALIE MENTEN,
BRUCE DALY, and
CHARLES L. SISK,

    Defendants.
_____

# ORDER
_____

This matter is before the Court on the Motion for Relief pursuant to Fed. R. Civ. P. 60 [Docket No. 66] filed by plaintiff Madina Buhendwa on September 14, 2015. Final judgment in this matter entered in favor of defendants on March 12, 2015. Docket No. 50. Thus, plaintiff's motion for relief was filed 186 days after entry of final judgment. After entry of final judgment, plaintiff filed a number of post-judgment motions, the

earliest of which is dated April 28, 2015. Docket No. 51.[1] The Court takes those motions up in this order as well. In light of plaintiff's pro se status, the Court construes her filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

In her motion for relief, plaintiff claims not to have received timely notice of the entry of judgment and requests additional time in which to file a notice of appeal. *See* Docket No. 66 at 3, ¶ 7. Plaintiff attaches an affidavit in which she states that she "never received documentation of any kind" regarding the entry of judgment. Docket No. 66-1 at 2. Plaintiff does not explain the circumstances or the date on which she received notice of the entry of judgment, but argues that an injustice would occur if plaintiff were not allowed to file a notice of appeal. Docket No. 66 at 3, ¶ 9. Defendants argue that plaintiff's motion is barred by Rule 4(a)(6) of the Federal Rules of Appellate Procedure, which authorizes a district court to reopen the time to file an appeal only if a motion seeking such relief is brought within 180 days of the judgment. Docket No. 70 at 4. Defendants further note that, in separate filings, Docket Nos. 63 at 3, 64 at 8,

---

[1]Plaintiff's post-judgment motions are: (1) Motion for Entry of Judgment on the Remaining Part of the Claims Unresponded To, Lost Right for Objection/Consent by Default [Docket No. 51]; (2) Motion for Entry of Judgment and Default Judgment Pursuant to Fed. R. Civ. P. 55 [Docket No. 53]; (3) Motion for Leave to Petition Pursuant to Colorado Appellate Rule 21 [Docket No. 54], (4) Motion for Rule 36 Requests for Admission [Docket No. 57]; (5) Motion for Rule 50 Judgment as a Matter of Law [Docket No. 58]; (6) Motion for Entry of Judgment for Admission Rule 36 [Docket No. 61]; (7) Motion for Judgment on the Pleadings Pursuant to Fed. R. Civ. P. 12(c) [Docket No. 62]; (8) Motion for Relief [Docket No. 66]; and (9) Motion Requesting Hearing [Docket No. 73]. In addition, plaintiff submitted a letter to the Court dated September 21, 2015 [Docket No. 71] that accuses defendants of misleading the Court and states that the Court ignored certain evidence. As plaintiff discusses the Court's grounds for dismissing this action in her letter, *id.* at 2, the Court will construe the letter as a second motion for relief from a judgment pursuant to Fed. R. Civ. P. 60.

plaintiff acknowledged that she received a letter from defendants that put her on notice of the judgment before the expiration of the 180-day deadline. *Id.* at 5.

Rule 77(d) of the Federal Rules of Civil Procedure governs service of notice of an order or judgment. Rule 77(d)(1) states that, "[i]mmediately after entering an order or judgment, the clerk must serve notice of the entry . . . on each party who is not in default for failing to appear. The clerk must record the service on the docket." Rule 77(d)(2) provides that "[l]ack of notice of the entry does not affect the time for appeal or relieve – or authorize the court to relieve – a party for failing to appeal within the time allowed, except as allowed by Federal Rule of Appellate Procedure 4(a)."

Federal Rule of Appellate Procedure 4(a)(6) gives the Court discretion to reopen the time to file an appeal if the following conditions are met:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).[2]

---

[2] Federal Rule of Appellate Procedure 4(a)(4)(A) contemplates extension of the time to appeal upon a party timely filing certain motions, including motions pursuant to Fed. R. Civ. P. 50(b), 52(b), 54, 59, and 60. Fed. R. App. P. 4(a)(4)(A)(i)-(vi). For a motion pursuant to Rule 60 to extend the deadline to file an appeal, the motion must be filed no later than 28 days after entry of judgment. Fed. R. App. P. 4(a)(4)(A)(vi). Plaintiff, therefore, did not file any timely motions that entitle her to extend the deadline for her appeal pursuant to Rule 4(a)(4)(A).

Although the docket reflects that notice of the March 12, 2015 judgment was mailed to plaintiff at the only address she has provided, and although plaintiff has timely responded to other filings for which she received mail service at the same address,[3] for the purpose of resolving this motion the Court will take plaintiff at her word that she did not receive timely notice of the entry of judgment. The Court, however, does not have discretion to grant the relief that plaintiff seeks.

Plaintiff filed this motion on September 14, 2015. *See* Docket No. 66. The 180-day period from entry of judgment expired September 8, 2015. The Tenth Circuit has held that "the specificity of [Fed. R. App. P.] 4(a)(6) and [Fed. R. Civ. P.] 77(d) precludes the use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice." *Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000) (citing *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 361 (8th Cir. 1994)) (quotation omitted). The Tenth Circuit stated that "[t]he essence of [Fed. R. App. P.] 4(a)(6) is finality of judgment" and that, "[w]hile application of that concept infrequently may work misfortune, it is an overriding principle which demands enforcement without distinction between counseled and uncounseled cases." *Id.* Thus, even in cases of "excusable neglect," the Court may not grant plaintiff's untimely motion for relief from judgment. *Id.*[4]

---

[3]On February 20, 2015, plaintiff filed a timely objection to the Recommendation of United States Magistrate Judge Craig B. Shaffer. *See* Docket No. 42. The docket reflects that the magistrate judge's recommendation was served on plaintiff at the same address as the entry of judgment.

[4]The Court further notes that, according to plaintiff's own filings, she was likely on notice of the entry of judgment before the September 8, 2015 deadline to file a motion to reopen the time to appeal. Specifically, in a filing unrelated to this motion, plaintiff attached a copy of a letter from defendants' counsel dated August 20, 2015. *See* Docket No. 64 at 8. Defendants' letter informed plaintiff that this case "was dismissed

The Court now turns to plaintiff's *ex parte* letter, Docket No. 71, which the Court construes as a motion for relief from judgment pursuant to Fed. R. Civ. P. 60. *See supra* n.1. Plaintiff's letter, like her September 14, 2015 motion for relief, is barred by Fed. R. App. P. 4(a)(6) because it was filed more than 180 days after entry of judgment. Moreover, even if the Court considered plaintiff's letter, plaintiff cannot demonstrate her entitlement to relief from judgment. Plaintiff appears to argue that the Court's order dismissing this case was based on defendants' misleading statements concerning the existence of a contract between the Regional Transportation District ("RTD") and the University of Colorado. *See* Docket No. 71 at 1. The Court, however, did not rely on any evidence presented by defendants. *See generally* Docket No. 49. The sole basis for the Court's order was that plaintiff's federal claims are barred by the doctrine of *res judicata* due to the judgment entered against plaintiff in her previous lawsuit against RTD. *Id.* at 5. Plaintiff's letter, even if it were timely, provides no basis to revisit that holding.[5]

---

nearly half a year ago." *Id.*

[5] Plaintiff's letter disputes the Court's finding that RTD and its individual board members were in privity with one another. *See* Docket No. 71 at 2. None of the cases that plaintiff cites, however, calls into question the Court's finding that officers of a government agency are in privity with that agency for *res judicata* purposes. In *Henisse v. First Transit, Inc.*, the Colorado Supreme Court held that an RTD driver employed by a private contractor was not a "public employee" for purposes of the Colorado Governmental Immunity Act. 247 P.3d 577, 581 (Colo. 2011). In *S.O.V. v. People ex rel. M.C.*, the Court found that a minor child was not a party to an earlier action to determine the identity of the child's father because the child was not in privity with the state. 914 P.2d 355, 360 (Colo. 1996). Finally, in *New Crawford Valley, Ltd. v. Benedict*, the Colorado Court of Appeals held that a corporation is a distinct legal entity from its officers, directors, and stockholders for *res judicata* purposes. 877 P.2d 1363, 1368 (Colo. App. 1993).

Accordingly, it is

**ORDERED** that plaintiff Medina Buhendwa's Motions for Relief [Pursuant to Fed. R. Civ. P.] 60 [Docket Nos. 66, 71] are **DENIED**.  It is further

**ORDERED** that, final judgment having been entered in this matter, plaintiff's post-judgment motions [Docket Nos. 51, 53, 54, 57, 58, 61, 62, 73] are **DENIED** as moot.

DATED December 3, 2015.

> BY THE COURT:
>
> s/Philip A. Brimmer
> PHILIP A. BRIMMER
> United States District Judge