IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-00720-PAB-CBS

MADINA BUHENDWA,

      Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT, University Based Pass/CU Student Bus
Pass,
(15) BOARD OF DIRECTORS, in their official capacities,
BILL JAMES,
BARBARA DEADWLER,
ANGIE RIVERA MALPIEDE,
JEFF WALKER,
CLAUDIA FOLSKA,
TOM TOBIASSEN,
GARY LASATER,
KENT BAGLEY,
JUDY LUBOW,
LARRY HOY,
PAUL DANIEL SOLANO,
LORAINE ANDERSON,
NATALIE MENTEN,
BRUCE DALY, and
CHARLES L. SISK,

      Defendants.

_____

**ORDER**
_____

      This matter is before the Court on plaintiff's Motion for Relief Rule 60(d) for

Fraud/Assault to the Court, and an Independent Action [Docket No. 76].  Plaintiff has

filed five other motions and an objection requesting similar relief.  *See* Docket No. 77

(objecting to the Court's order denying post-judgment motions); Docket No. 78

(requesting leave to address the Chief Judge of the United States Court of Federal

Claims); Docket No. 79 (requesting leave to file an interlocutory appeal); Docket No. 88

(requesting that the Court show cause why plaintiff's motions should not be granted);

Docket No. 89 (requesting status for pending motions); Docket No. 90 (requesting relief

pursuant to Rule 61 and 28 U.S.C. § 2111).  The Court takes those motions up in this

order as well.  In light of plaintiff's *pro se* status, the Court construes her filings liberally.

*See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

& n.3 (10th Cir. 1991).

## I. MOTION FOR RELIEF UNDER RULE 60(d)

In her motion for relief under Federal Rule of Civil Procedure 60(d), plaintiff

alleges that the defendants in this case misrepresented facts to the Court.  Docket No.

76 at 3-6, ¶¶ 11-16.  Rule 60(d) states that the rule does not limit a court's power to "set

aside a judgment for fraud on the court."  Fed. R. Civ. P. 60(d)(3).  "[O]nly the most

egregious misconduct, such as bribery of a judge or members of a jury, or the

fabrication of evidence by a party in which an attorney is implicated will constitute a

fraud on the court."  *Weese v. Schukman*, 98 F.3d 542, 552-53 (10th Cir. 1996)

(*quoting Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).  Fraud on the

court is construed narrowly because it may permit a party to overturn a judgment long

after it has become final.  *Id.* at 553 (*citing* Fed. R. Civ. P. 60(b)).  "Intent to defraud is

an absolute prerequisite to a finding of fraud on the court."  *Id.*

The Court finds that plaintiff has not demonstrated the requisite intent to defraud

required by Rule 60.  While plaintiff alleges that various individuals misled the Court,

she does not allege that they fabricated evidence or did more than present legal

arguments that plaintiff does not credit as meritorious.  Moreover, while plaintiff states

2

that the defendants "succeeded in deceiving the court," Docket No. 76 at 6, ¶ 17, the

Court's order dismissing the case was based on principles of *res judicata*.  Docket

No. 49 at 4-5.  None of the allegations of fraud raised by plaintiff relate to the court's

determination that dismissal was proper based on *res judicata*.

In addition to her claims related to Rule 60(d), plaintiff also argues in her motion

that the Court's denial, Docket No. 75, of her previous motion under Rule 60 was

"broadly prejudicial" because the Court did not specify the subsection of Rule 60 that

governed the Court's reasoning.  Docket No. 76 at 3, ¶ 9-10.  The order dismissing the

case stated that relief under "Fed. R. Civ. P. 60(b)(6)" was an improper vehicle to "cure

problems of lack of notice."  Docket No. 75 at 4.  Thus, the Court's order did, in fact,

specify the subsection of Rule 60.

## II. OBJECTION TO THE COURT'S ORDER DENYING RELIEF UNDER RULE 60

Plaintiff objects to the Court's December 3, 2015 order, Docket No. 75, denying

relief under Federal Rule of Civil Procedure 60 and denying her post judgment motions.

Docket No. 77.  Because plaintiff appears to be seeking reconsideration of that order,

the Court will liberally construe her objection as a motion for reconsideration.

The Federal Rules of Civil Procedure do not specifically provide for motions for

reconsideration.  *See Hatfield v. Bd. of County Comm'rs for Converse County*, 52 F.3d

858, 861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's

plenary power to revisit and amend interlocutory orders as justice requires.  *See*

*Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir.

1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp.*, 313 F.2d at 92.

However, in order to avoid the inefficiency which would attend the repeated

3

re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. Motions to reconsider are generally an inappropriate vehicle to advance "new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

Plaintiff's objection does not present any new evidence or newly established legal authority. Instead, she details her efforts to figure out why she did not receive notice of entry of judgment in this case and provides information regarding issues with mail service in her neighborhood. Docket No. 77 at 3-7, ¶¶ 7-15. Plaintiff's proffered evidence does not suggest clear error on the part of the Court. In its prior order, the Court took plaintiff at her word that she did not receive notice of entry of judgment in this case. Docket No. 75 at 4. Plaintiff argues that because service was ineffective under Rule 5, "[t]he court is unfairly denying the plaintiff, due process, right to appeal for something beyond her control." *Id*. at 7, ¶ 15. As an initial matter, service to plaintiff was likely effective under Rule 5. Fed. R. Civ. P. 5(b)(2)(C) (service can be made by "mailing it to the person's last known address – in which event service is complete upon

mailing").  Nevertheless, the Court previously noted that "[t]he Tenth Circuit has held

that 'the specificity of [Fed. R. App. P.] 4(a)(6) and [Fed. R. Civ. P.] 77(d) precludes the

use of Fed. R. Civ. P. 60(b)(6) to cure problems of lack of notice.'"  Docket No. 75 at 4

(*quoting Clark v. Lavallie*, 204 F.3d 1038, 1041 (10th Cir. 2000)).

       The Court finds that plaintiff has offered no proper grounds for reconsideration of

the Court's December 3, 2015 order.

## III.  MOTIONS FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 798(b) and 28 U.S.C. § 1292(d)(2)

       Plaintiff requests leave to address the Chief Judge of the Court of Federal

Claims pursuant to 28 U.S.C. § 798(b) and 28 U.S.C. § 1292(d)(2), Docket No. 78, and

leave to apply for an interlocutory appeal under those statutes.  Docket No. 79.  Neither

of those statutes applies to this case or to this circumstance.  Under 28 U.S.C.

§ 798(b),

> [T]he chief judge of the Court of Federal Claims may issue an order authorizing a judge of the court to conduct proceedings . . . in a foreign country whose laws do not prohibit such proceedings, except that an interlocutory appeal may be taken from such an order pursuant to section 1292(d)(2) of this title, and the United States Court of Appeals for the Federal Circuit may, in its discretion, consider the appeal.

28 U.S.C. § 798(b).  Under 28 U.S.C. § 1292(d)(2), an interlocutory order entered under

28 U.S.C. § 798(b) or an interlocutory order issued by any judge of the United States

Court of Federal Claims may be appealed within ten days of the entry of such an order

under limited circumstances.

       The statutes discussed by plaintiff do not apply to the facts here.  The Chief

Judge of the Court of Federal Claims has not entered an order authorizing a judge to

conduct proceedings in a foreign country, nor has any judge of the United States Court

of Federal Claims entered an interlocutory order.  As such, plaintiff's motions, even

liberally construed, do not present any grounds for relief.

## IV.  MOTION FOR RELIEF UNDER RULE 61 AND 28 U.S.C. § 2111

Plaintiff filed an additional motion apparently seeking relief related to Federal

Rule of Civil Procedure 61 and 28 U.S.C. § 2111, both of which discuss harmless error.

Docket No. 90.  Plaintiff does not specify how those authorities provide for relief related

to this case.  Plaintiff's motion details alleged fraud by counsel for defendants, *id*. at 3-

8, ¶¶ 6-21, error in the Court's order dismissing the case, *id.* at 8-9, ¶¶ 22-23, and

defective notice of the entry of judgment.  *Id.* at 10-11, ¶ 25-27.

Plaintiff's motion is best construed as a motion for reconsideration because it

appears to ask the Court to reexamine the bases for its prior orders.  As noted above,

reconsideration is appropriate where new evidence or legal authority has emerged or

the prior ruling was clearly in error.  Plaintiff does not cite any legal authority that has

emerged since the case was decided.  Nor does plaintiff offer any evidence that was

unavailable at the time of the Court's prior rulings.  As such, the Court finds that

reconsideration of the Court's prior orders is unjustified.

## V.  OTHER MOTIONS

Plaintiff has two additional motions pending before the Court.  Plaintiff requests

that the Court show cause why the motions before the Court should not be granted,

Docket No. 88, and Plaintiff requests information regarding the status of all motions

pending before the Court.  Docket No. 89.

Plaintiff's motion requesting a showing of cause consists of a single paragraph

stating that plaintiff "respectfully requests that this court show cause why these Motions

should not be granted since a ruling procured through fraud is not a true ruling at all, no time limits apply." Docket No. 88 at 3, ¶ 6. The Court has addressed the outstanding motions before the Court in this order and has shown why plaintiff's requested relief is inappropriate.

Similarly, plaintiff's request for a status on the motions pending before the Court is now largely moot given this order. However, the Court notes that plaintiff lists sixteen outstanding motions before the Court, many of which have been previously resolved. *See* Docket No. 75.

## VI. FUTURE FILING RESTRICTIONS

Final judgment was entered in this case on March 12, 2015. Docket No. 50. Since the entry of final judgment, plaintiff has filed a number of motions. *See* Docket Nos. 51, 53, 54, 57, 58, 61, 62, 66, 71, 73, 76, 77, 78, 79, 88, 89, 90. Def endants in this matter have filed a number of responses to plaintiff's post-judgment motions. Docket Nos. 52, 59, 60, 65, 70, 74, 80, 81, 82, 83, 91, 92, 93. None of plaintiff's motions has presented meritorious grounds for relief.

Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances. *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007) (*citing Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1343 (10th Cir. 2006); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Injunctions restricting further filings are appropriate where the litigant's lengthy and abusive history is set forth and the litigant receives notice and an opportunity to oppose the court's order before it is implemented. *Id.*

This order will put plaintiff on notice that, in the event plaintiff files meritless motions or requests in the future, the Court will impose filing sanctions against plaintiff. *See Judd v. Univ. of New Mexico*, 1998 WL 314315 (10th Cir. Jun. 2, 1998) (unpublished).

Accordingly, it is

**ORDERED** that plaintiff Madina Buhendwa's Motions for Relief [Docket Nos. 76, 77, 78, 79, 90] are **DENIED**.  It is further

**ORDERED** that plaintiff's motions requesting the Court provide information regarding outstanding motions in this case [Docket Nos. 88, 89] are **DENIED** as moot.

DATED December 27, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge